kmo/lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WESTAR ENERGY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **VASKO VASILEVSKI dba DOUBLE** ) | Case No. 07-4079-JAR-JPO |
| **"V" TRUCKING CO., LEWIS** ) | |
| **ESCORT & TRUCKING, INC., and** ) | |
| **MATSON AMERICA** ) | |
| **TRANSPORTATION SERVICES, LLC.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Westar Energy, Inc. ("Westar") brought suit against defendants for damage to Westar's transformer during transportation. Defendant Lewis Escort & Trucking, Inc ("Lewis") filed an answer on October 31, 2007. Lewis brought a Motion to Dismiss Westar's Complaint (Doc. 54) pursuant to Fed. R. Civ. P. 12(b)(6) on December 17, 2007. For the reasons discussed below, Lewis's motion is denied.

**I.  Background**

The following facts are alleged in the Complaint and the Court draws all reasonable inferences in favor of plaintiff. Westar hired Double "V" Trucking Co. ("Double V") to transport a recently repaired transformer from Oklahoma City, Oklahoma, to Tecumseh, Kansas. Double V was escorted by two escort drivers who were employed by Lewis. Double V drove the tractor-trailer containing the transformer under a bridge that did not provide adequate clearance causing damage to the bridge and exposing the transformer to rain and moisture. Double V

continued to drive causing further damage to the transformer. Westar alleges Lewis is liable for negligence and gross negligence because Lewis failed to act with reasonable care in performing its duties as an escort, resulting in damage to the transformer.

## II. Discussion

### A. Timeliness of Motion

Lewis moves to dismiss Westar's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Lewis filed its Motion to Dismiss after filing its answer in this case. Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.[1] However, because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings,[2] the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c).[3] The distinction between the two motions is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.[4]

In light of the above, the Court will treat Lewis's post-answer Motion to Dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings.

### B. Standard

---

[1] *See* Fed. R. Civ. P. 12(b) (a motion asserting defense of failure to state a claim "shall be made before pleading if a further pleading is permitted"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 300-301 (2d ed. 1990) ("[A] post-answer Rule 12(b)(6) motion is untimely.").

[2] Fed. R. Civ. P. 12(h).

[3] *Res. Ctr. for Indep. Living, Inc. v. Ability Res., Inc.*, 534 F. Supp. 2d 1204, 1207 (D. Kan. 2008) (citing *Thomas v. Travnicek*, No. 00-3360-GTV, 2003 WL 22466194, at *1 (D. Kan. Aug. 15, 2003)).

[4] *Id.* (citing *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.").

*Rule 8*

Fed. R. Civ. P. 8(a) states that in any pleading that sets forth a claim for relief, a party must provide "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[5] These requirements ensure that the complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"[6] The Supreme Court has noted that under the federal rules, liberal discovery procedures and summary judgment help "to define disputed facts and issues and to dispose of unmeritorious claims," while the "simplified notice pleading standard" merely represents the first step in a system "adopted to focus litigation on the merits of a claim."[7]

*Rule 12(b)(6) and (c)*

Previously, courts applied a liberal construction of this pleading requirement and a complaint was sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[8] Under this standard a wholly conclusory statement of a claim could survive a motion to dismiss as long as there was the possibility that some undisclosed facts would support recovery.[9] The Supreme Court abrogated the *Gibson* standard in *Bell Atlantic Corp. v. Twombly*, and stated that a complaint must contain

---

[5]Fed. R. Civ. P. 8(a).

[6]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[7]*Id.* at 512-14.

[8]*Gibson*, 355 U.S. at 45-46.

[9]*Bell Atl. Corp v. Twombly*, — U.S. —, —, 127 S. Ct. 1955, 1968 (2007).

3

enough allegations of fact "to state a claim to relief that is plausible on its face."[10] Under the revised standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[11] The Supreme Court also expressly stated that its decision was not contrary to prior decisions, notably *Swierkiewizc v. Sorema N.A.*,[12] that do not require a plaintiff to establish a prima facie case.[13]

The Tenth Circuit recently interpreted the plausibility standard of *Twombly,* shedding light on a decision that is "less than pellucid."[14] The plausibility standard seeks to find a middle ground between heightened fact pleading and "complaints that are no more than 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'"[15] *Twombly* does not change other established principles, such as that a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[16] Therefore, "plausibility" refers to the scope of allegations in the complaint and rejects allegations that "are so general that they encompass a wide swath of conduct, much of it innocent," thereby weeding out claims that do not have a reasonable prospect of success as well as informing the defendant of the actual grounds of the claim against

---

[10]*Id.* at 1974.

[11]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[12]534 U.S. 506 (2002) (employment discrimination case holding that a complaint detailing the events leading up to his termination, including dates, nationalities and ages of some of the relevant people was sufficient to withstand a motion to dismiss because plaintiff did not have to plead a prima facie case of discrimination and plead evidence he might not need at trial).

[13]*Twombly*, 127 S. Ct. at 1973-74.

[14]*Robbins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir. 2008).

[15]*Id.* (quoting *Twombly*, 127 S. Ct. at 1965).

[16]*Id.*

him.[17]  Moreover, the degree of specificity necessary to establish plausibility depends on context.[18]

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Considering matters outside the pleadings on a motion to dismiss without converting it to a motion for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[19]  In this instance, the Court need not consider the matters outside the pleadings presented by Westar in response to the motion to dismiss in order to deny Lewis's motion.

**III.     Discussion**

In a negligence case, plaintiff must establish a duty, breach of the duty, damages, and a causal connection between the duty breached and the damages.[20]  A claim for gross negligence requires the same elements, with a heightened requirement of breach.[21]  Whether a duty exists is a question of law.[22]  Here, Lewis specifically claims that it does not have a duty to Westar as a matter of law and that Westar has failed to provide facts to show that Lewis owed a duty to

---

[17]*Id.* at 1247-48.

[18]*Id.* at 1248-49 (noting that although the same standard is applied, *Twombly* may have a greater bite in a claim of qualified immunity than a simple negligence action).

[19]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[20]*Caldwell v. Hassan*, 925 P.2d 422, 428 (Kan. 1996).

[21]*See Fieser v. Kan. State Bd. of Healing Arts*, 130 P.3d 555, 558-59 (Kan. 2006).

[22]*Id.*

Westar. The Court disagrees.

The Supreme Court of Kansas adopted the Restatement (Second) of Torts § 324A in *Schmeck v. City of Shawnee*,[23] noting that the principles embodied in § 324A have long been recognized in Kansas law. Restatement (Second) of Torts § 324A states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of third persons or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect the undertaking, if:
>
> a) his failure to exercise reasonable care increases the risk of such harm; or
> b) he has undertaken to perform a duty owed by the other to the third person; or
> c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The initial requirement for the application of § 324A is that the defendant undertook, gratuitously or for consideration, to render services to another.[24] Here, taking all reasonable inferences in favor of Westar, the Court determines that Lewis undertook the duties of an escort for consideration. Furthermore, the Court determines that Lewis knew or should have known that Double V was transporting the goods of a third person and that Lewis's presence in the undertaking was necessary to protect those goods. Therefore, Westar has met the initial requirement of establishing a duty under § 324A. Additionally, Lewis's failure to exercise reasonable care in performing its duties as an escort increased the risk of harm to Westar's goods, thereby satisfying §324A(a). Therefore, Westar has stated a claim showing Lewis had a duty to Westar to act with reasonable care and is entitled to relief. Whether Lewis breached its

---

[23] 651 P.2d 585 (Kan. 1982).

[24] *Estate of Beckner v. Jensen*, 24 P.3d 169, 173 (Kan. App. 2001).

duty, that is, failed to act with reasonable care, is a question of fact.[25]  Moreover, it is not the Court's place to determine whether it is likely Westar will prevail, only that it is plausible that the allegations as stated in the Complaint show entitlement to relief.

Further, Lewis's motion is denied because defendant has been given fair notice of what Westar's claims are and the grounds upon which they rest.  In paragraphs 14 and 35 of Westar's Complaint, it alleges Lewis was responsible for providing an escort for Double V and that Double V was escorted by two drivers who were employed by Lewis.  Nevertheless, as alleged in paragraphs 16 and 17, Double V drove under a bridge that did not provide enough clearance and kept driving for at least 150 miles, resulting in damage to the bridge and the transformer. These facts are sufficient to show Westar is entitled to relief under a theory of negligence. Furthermore, Westar alleges Lewis acted with reckless disregard when it allowed Double V to continue transporting the transformer and failed to report Double V to the authorities, Westar, or Southwest after it was aware that Double V was not properly transporting the transformer and when it allowed Double V to drive under the bridge.  These facts taken as true are sufficient to show Westar is entitled to relief under a theory of gross negligence.  With all well-pleaded facts taken as true and reasonable inferences drawn in favor of Westar, these facts support the material elements that must be proved, including duty, and are sufficient to satisfy the standard of notice pleading.[26]

---

[25] *Estate of Beckner*, 24 P.3d at 171 (citing *McCleary v. Boss*, 955 P.2d 127 (Kan. App. 1997)).

[26] With respect to Lewis's contention that Westar failed to comply with Fed. R. Civ. P. 9(g) by not specifically stating its claim for special damages, the Court finds that Westar's claim for punitive damages was specifically set out in its complaint in paragraph 40 relying on the allegations of paragraphs 38 and 39 and denies dismissal of the claim for gross negligence on these grounds.  *See Unruh v. Prairie View, Inc.*, No. 07-1174-JTM, 2007 WL 4180456, at *1 (D. Kan. Nov. 21, 2007) (citiations omitted).

Because Westar has adequately stated claims for which relief can be granted, the Court finds that Lewis's Rule 12(b)(6) Motion to Dismiss, which the Court construes as a Rule 12(c) motion for judgment on the pleadings, is denied in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 54) is DENIED.

IT IS SO ORDERED.

Dated this  16th   day of June 2008.

               S/ Julie A. Robinson
               Julie A. Robinson
               United States District Judge